**Maria Moreno WHITE,**
**Plaintiff–Appellee,**

v.

**AUTOZONE, INC., Defendant–Appellant.**

**No. 04–56824.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Paul R. Hammons, Esq., Law Offices of Paul R. Hammons, Los Angeles, CA, for Plaintiff–Appellee.

Jeremy A. Roth, Littler Mendelson, San Diego, CA, Franklin A. Nachman, ESQ., Littler Mendelson, Denver, CO, for Defendant–Appellant.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

AutoZone, Inc. appeals the district court's summary judgment and award of damages in favor of Maria White. We have jurisdiction to review this appeal under 28 U.S.C. § 1291, and we affirm.

AutoZone argues that it could not have breached a contract with White because the memorandum dated December 3, 1997 sent and signed by Sylvester Holland (the "Holland memo") was merely a letter confirming a verbal offer and not a contract. It is well-settled in California, however, " 'that the receipt and acceptance by one party of a paper signed by the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

other only, and purporting to embody all the terms of a contract between the two, binds the acceptor, as well as the signer, to the terms of the paper.'" *Dallman Supply Co. v. Smith–Blair, Inc.,* 103 Cal. App.2d 129, 228 P.2d 886, 888 (1951) (quoting *Frankfort Marine Accident & Plate Glass Ins. Co. v. Cal. A.M. & Wire Co.,* 28 Cal.App. 74, 151 P. 176, 180 (1915)) (citations omitted). It is undisputed that White received the memorandum prepared and signed by Holland, an AutoZone manager, and began work on December 15 under its terms. Therefore both parties were contractually bound by the terms set forth in the Holland memo.

■ AutoZone also argues that it did not breach the contract because, although the Holland memo states that White would receive "1,000 shares of AutoZone stock ... after four years [at AutoZone,]" Holland really meant "stock options." The district court implicitly found that Auto-Zone's obligation to provide shares to White in the Holland memo was unambiguous. "As a general rule, the words of a contract are to be understood in their ordinary and popular sense, ... [and] evidence explanatory of the words is admissible, not for the purpose of adding to, or qualifying, or contradicting the contract, but for the purpose of ascertaining it by expounding the language." *Callahan v. Stanley,* 57 Cal. 476, 479 (1881). The text of the Holland memo is clear, and makes no mention of stock options. To read into the memo "stock options" instead of "shares of ... stock" would be improper: doing so would not explain the meaning of the memo, but would add to, qualify, or contradict the contract.

■ We reject AutoZone's alternative argument that the contract should be rescinded based on mistake of fact. To obtain rescission based on unilateral mistake, AutoZone must show: (1) it made a mis-take regarding a basic assumption of the contract; (2) the mistake had a material, adverse effect on it; (3) it did not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable. *Donovan v. RRL Corp.,* 26 Cal.4th 261, 109 Cal.Rptr.2d 807, 27 P.3d 702, 716 (2001). Although AutoZone has demonstrated the first two elements, AutoZone fails to demonstrate that it did not bear the risk of the mistake, *see Wilson Arlington Co. v. Prudential Ins. Co.,* 912 F.2d 366, 371 (9th Cir.1990) ("At most, [defendant] has shown that it was the victim of ... sloppy lawyering.... [This] hardly warrants rewriting the contract to give [defendant] the benefit of a bargain it never made."), or that the contract is unconscionable, *see Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1299–1300 (9th Cir.2006) (en banc) (explaining requirements of unconscionability under California law).

■ AutoZone also contests the district court's damage award of the value of all 1,000 shares of AutoZone stock, arguing that White did not meet her burden to prove damages with a sufficient level of specificity because "the incremental vesting period" is unknown. The district court did not clearly err by multiplying the value of an AutoZone share on the day of White's termination by the 1,000 shares stated in the contract because that amount compensates her for all the detriment proximately caused by AutoZone's breach. *See* Cal. Civ.Code § 3300; *see also Canepa v. Sun Pac.,* 126 Cal.App.2d 706, 272 P.2d 860, 864 (1954).

**AFFIRMED.**